Agree to dismiss appeal from order and to affirm judgment; no opinion.

All concur.

Judgment affirmed and appeal from order dismissed.

---

MARIE LASEROWITSCH, Respondent, *v.* WILLIAM REIMAN, Appellant.

(Submitted October 18, 1889; decided October 29, 1889.)

APPEAL from judgment of the General Term of the Court of Common Pleas of the city of New York, entered upon an order made February 7, 1887, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

*Stephen G. Clarke* for appellant.

*John W. Fiske* for respondent.

Agree to affirm; no opinion.

All concur.

Judgment affirmed.

---

WILLIAM H. SEYMOUR et al., Appellants, *v.* MORRIS RINDSKOPF et al., Respondents.

(Argued October 9, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 15, 1886, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial without a jury.

*Charles E. Hughes* for appellants.

*Nathaniel Myers* for respondents.

·Agree to affirm on opinion of BROWN, J., in *Bernheimer* v. *Rindskopff* (*ante*, 428).

All concur.

Judgment affirmed.

---

VINCENT BARKER, Appellant, *v.* NEILS PAULSON et al.,
Respondents.

(Argued October 10, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 20, 1886, which affirmed a judgment in favor of defendant, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries sustained by plaintiff ' in falling upon a staircase defendants were engaged in putting in a building upon which plaintiff was at work as foreman for a mason. The complaint alleged that the accident occurred through the alleged negli- gence of defendants in removing certain wooden treads, which had been put down temporarily, and were to be replaced with slate between the first floor and the basement, but did not specify at what particular part of the stairs the accident occurred. It appeared that the stairs were inclosed in a tower, and between the stories were broken into two flights, there being between the basement and the first floor nine steps on the south side of the tower, then a platform and then seven steps on the east side of the tower. The evidence on the part of . plaintiff and defendants differed as to the place on the stairs where the accident occurred, that, is as whether upon the upper or lower flight. The court charged the jury, in substance, that if they believed the defendants' witnesses as to the place where the accident happened, they must render a verdict for defendants, and refused to charge, at plaintiff's request, that if the jury found he was honestly mistaken as to the place where he fell, if he fell on the stairs, and the fall was caused by defendants' negligence, plaintiff was entitled to